Karthik Nadesan (10217)
karthik@nadesanbeck.com
NADESAN BECK P.C.
8 East Broadway, Suite 625
Salt Lake City, Utah 84111
Telephone: (801) 363-1140

Kent M. Walker (California Bar No. 173700, admitted *pro hac vice*)
kwalker@lewiskohn.com
LEWIS KOHN & WALKER, L.L.P.
15030 Avenue of Science, Suite 201
San Diego, California 92128
Tel (858) 436-1330
Fax (858) 436-1349

*Attorneys for Plaintiffs, Loops, L.L.C. and Loops Flexbrush, L.L.C.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LOOPS, L.L.C., and LOOPS FLEXBRUSH, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> BOB BARKER COMPANY, INC.; MAXILL INC.; and DOES 1-10, inclusive, <br><br> Defendants. | **STIPULATED MOTION BY PLAINTIFFS AND DEFENDANT MAXILL, INC. TO TRANSFER ACTION TO THE WESTERN DISTRICT OF WASHINGTON** <br><br> Case No. 1:17-cv-00123-DN <br><br> Judge David Nuffer |

WHEREAS, Plaintiffs Loops, L.L.C. and Loops Flexbrush, L.L.C. ("Loops") and Defendant Maxill, Inc. ("Maxill") hereby jointly move for an Order to transfer this Action to the U.S. District Court for the Western District of Washington where a related action involving Loops and Maxill's U.S. subsidiary and the same patent and accused product as at issue in this action.

1. Loops originally filed this action on July 20, 2017 against Defendant Bob Barker Company, Inc. ("Barker").

1

2. On September 9, 2017, Loops filed a First Amended Complaint adding Maxill as a defendant.

3. The First Amended Complaint is directed to Loops' assertions of patent infringement of U.S. Patent No. 8,448,285 (the "'285 patent") based on the sale of certain accused toothbrush products by Maxill and Barker.

4. On November 2, 2017, Defendant Barker moved to dismiss this Action for failure to state a claim. That motion is fully briefed.

5. On November 8, 2017, Maxill moved to dismiss this Action on the grounds of the absence of personal jurisdiction. That motion is fully briefed.

6. On December 5, 2017, Maxill's U.S. subsidiary, Maxill, Inc., an Ohio corporation ("Maxill Ohio"), filed an action against Loops in the Western District of Washington seeking declaratory judgment of noninfringement, invalidity and unenforceability of the '285 patent. That action is assigned civil action number 2:17-CV-01825 (the "Washington Action"). On February 8, 2018, Loops answered that complaint and filed counterclaims asserting infringement of the '285 patent against Maxill Ohio. On March 2, 2018, Maxill Ohio filed an answer to those counterclaims.

7. On March 22, 2018, the Washington Action was stayed "pending resolution of Bob Barker Company, Inc.'s and Maxill Inc.'s motions to dismiss the complaint in the Utah case."

8. On June 15, 2018, upon joint motion by Loops and Barker in view of a settlement agreement between them, Defendant Barker was dismissed from this Action.

9. Loops and Maxill agree to transfer this Action to the Western District of Washington in view of the related Washington Action and intend to request consolidation of the actions upon transfer. Loops and Maxill expressly agree and submit to the venue and jurisdiction of the Washington court presiding over the Washington Action and waive any objections to venue and personal jurisdiction. The Washington Action involves the same parties, patent, issues, witnesses and facts as this Action. Loops is located in Washington. Maxill Ohio filed the Washington Action there. Loops and Maxill agree that the balance of

conveniences favors transfer of this Action to the Western District of Washington for consolidation with the Washington Action.

10. Pursuant to 28 U.S.C. §1404:

   a. (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

   b. (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

11. Accordingly, Loops and Maxill stipulate to the requested transfer and submit that it is for the convenience of the parties and witnesses and in the interest of justice.  Maxill confirms that it will withdraw its motion to dismiss this Action upon such transfer, as it consents to jurisdiction in Washington with respect to this Action and the Washington Action.

////

////

////

NOW, THEREFORE, Plaintiffs Loops and Defendant Maxill, through their attorneys of record, request this Court to transfer this Action to the U.S. District Court for the Western District of Washington.

SO STIPULATED:

Respectfully Submitted,

DATED July 3, 2018.

/s/ Kent M. Walker

Karthik Nadesan
NADESAN BECK P.C.

Kent M. Walker
LEWIS KOHN & WALKER, L.L.P.

*Attorneys for Plaintiffs, Loops, L.L.C. and Loops Flexbrush, L.L.C.*

/s/ Mudit Kakar

Bryon J. Benevento
Kimberly Neville
DORSEY WHITNEY

Mudit Kakar
CHOI CAPITAL LAW PLLC
*Attorneys for Defendant Maxill, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that, on July 3, 2018, a true and accurate copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

DATED July 3, 2018.

>  */s/ Kent M. Walker*
>
> Karthik Nadesan
> NADESAN BECK P.C.
>
> Kent M. Walker
> LEWIS KOHN & WALKER, L.L.P.
>
> *Attorneys for Plaintiffs, Loops, L.L.C.*
> *and Loops Flexbrush, L.L.C.*